JUDGE SCHOFIELD

14 CV 3416

Robert M. Bursky, Esq. (RB 8920)
68 South Service Road - Suite 100
Melville, New York 11747
Telephone: (516) 641-9904

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
FERMO C. JAECKLE,

                                                          Plaintiff,

   -against-

RADIANT OIL & GAS, INC.,

                                                          Defendant.
-------------------------------------------------------------------------X

RECEIVED MAY 12 2014 U.S.D.C. S.D.N.Y. CASHIERS

COMPLAINT

      FERMO C. JAECKLE, by his attorney, Robert M. Bursky, Esq., as and for his complaint, alleges as follows:

## PARTIES

      1.     Plaintiff, Fermo Jaeckle ("Plaintiff" or "Mr. Jaeckle"), is an individual who is a citizen and domiciliary of the State of Florida, with an address at 680 Solana Court, Marco Island, Florida 34145.

      2.     Upon information and belief, Defendant, Radiant Oil & Gas, Inc. ("Defendant" or "Radiant") is a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business located at 9700 Richmond Avenue, Suite 124, Houston, Texas 77042.

## JURSIDICTION AND VENUE

      3.     The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1332(a)(1) in that the matter in controversy exceeds the

1

sum of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. Venue is proper in this District pursuant to the parties' written contractual agreement that any legal suit, action or proceeding arising out of or relating to their written agreement is required to be instituted exclusively in this Judicial District (or the New York State Supreme Court, New York County.  Venue is also proper in this District pursuant to 28 U.S.C. Section 1391(b) (2) and (3) in that a) a substantial part of the events giving rise to the claim occurred within this Judicial District and b) upon information and belief, Radiant is subject to the Court's personal jurisdiction.

## **FACTS COMMON TO ALL CLAIMS**

5. Mr. Jaeckle brings this action to recover the sum of not less than $682,846.12, exclusive of attorneys' fees, courts costs and all other costs of enforcement of collection, based on Defendant's non-payment of a Promissory Note dated February 1, 2011 (the "Note") it made in favor of Plaintiff, in the principal amount of $475,000 (the "Principal Amount").  A true and correct copy of the Note is attached hereto as Exhibit 1 and is incorporated herein by reference as if fully set forth.

6. The Note was made by Defendant in favor of Mr. Jaeckle based on a written agreement between the parties, called a Securities Purchase Agreement (the "Agreement") made as of January 19, 2011, pursuant to which Plaintiff agreed to – and did – invest the Principal Amount in Radiant.  A true and correct copy of the Agreement is attached hereto as Exhibit 2 and is incorporated herein by reference as if fully set forth.

7. Mr. Jaeckle's investment in Radiant resulted from Defendant's efforts to raise capital from multiple investors, of which Mr. Jaeckle was one, through a debt offering with an equity "kicker" that was facilitated and accomplished through the efforts of Defendant's placement agent, a broker-dealer of securities, in New York State.

8. The Note provides for interest to accrue on the Principal Amount at the rate of 10% per annum (the "Interest Rate") based on a 360-day year.

9. The Note (Section No. 1 thereof) further provides for a maturity date of July 31, 2011 (the "Maturity Date") and required Radiant, on or before such date, to pay to Mr. Jaeckle immediately "all outstanding principal and interest due and owing under the Note" immediately.[1]

10. On the Maturity Date, Radiant did not repay any portion of the Principal Amount to Mr. Jaeckle, nor did it pay to him any of the interest that had accumulated thereon by such date.

11. At no time since the Maturity Date has Radiant repaid to Mr. Jaeckle any portion of the Principal Amount, nor any of the interest that has accumulated thereon, and continues to accrue on a daily basis, despite Plaintiff's multiple demands for payment.

12. Radiant's failure to repay the Principal Amount and accumulated interest by the Maturity Date was an "Event of Default" under Section 4(a) of the Note, which provides as follows:

> 4. <u>Events of Default</u>. The term "Event of Default" shall mean any of the events set forth in this Section 4:
> (a) the Company shall default in the performance of, or

---

[1] The Note provided Plaintiff with the opportunity to elect to convert his investment into Radiant preferred stock. Mr. Jaeckle did not elect to do so.

3

        violate any of the covenants and agreements contained in this Note or in the Securities Purchase Agreement, including without limitation, the failure to pay amounts due under this Note on its Maturity Date, or any of the other Notes on their Maturity Date;

13. Section 4 of the Note (the last paragraph thereof) provides as follows:

        If any Event of Default (other than any Event of Default described in clause (d) of Section 4) shall occur for any reason, whether voluntary or involuntary, and be continuing, for ten (10) days after notice, the Holder may, upon notice to the Company, declare all or any portion of the outstanding Principal Amount, together with all accrued and unpaid Interest, to be due and payable, whereupon the full unpaid Principal Amount hereof, together with all accrued and unpaid Interest shall be so declared due and payable shall be and become immediately due and payable, without further notice, demand, or presentment.

14. On March 19, 2014, Plaintiff sent written notice to Defendant, in accordance with the terms of the Note, stating his intention to declare the entire unpaid Principal Amount, together with all accrued, unpaid interest, due and payable after ten (10) days. A copy of this written notice is attached hereto as Exhibit 3 and is incorporated herein by reference as if fully set forth.

15. Defendant failed to pay any portion of the Principal Amount and/or accrued interest since March 19, 2014.

16. On April 28, 2014, in accordance with the terms of the Note, Plaintiff sent written notice to Defendant declaring the entire Principal Amount together with accrued interest to be due and payable. A copy of this written notice is attached hereto as Exhibit 4 and is incorporated herein by reference as if fully set forth.

17. As a result of the written notice set forth in the preceding paragraph, the entire Principal Amount became and is now immediately due and payable to Plaintiff without further notice, demand or presentment, as expressly provided for in the Note.

18. Section 5 of the Note provides as follows:

    5. <u>Remedies</u>. In case anyone or more of the Events of Default specified in Section 4 hereof shall have occurred and be continuing, the Holder may proceed to protect and enforce the Holder's rights either by suit in equity and/or by action at law, whether for the specific performance of any covenant or agreement contained in this Note or in aid of the exercise of any power granted in this Note, or the Holder may proceed to enforce the payment of all sums due upon this Note or to enforce any other legal or equitable right of the Holder.

19. Section 11 of the Note provides as follows:

    11. <u>Attorneys' Fees; Costs</u>.  If this Note is not paid when due or if any Event of Default occurs, the Company promises to pay all costs of enforcement and collection, including but not limited to, Holder's attorneys' fees, whether or not any action or proceeding is brought to enforce the provisions hereof.

20. Section 7.3 of the Agreement provides as follows:

    7.3 <u>Governing Law</u>. This Agreement shall be governed by and construed under the laws of the State of New York as applied to agreements among New York residents entered into and to be performed entirely within New York. The parties hereto (1) agree that any legal suit, action or proceeding arising out of or relating to this Agreement shall be instituted exclusively in New York State Supreme Court, County of New York, or in the United States District Court for the Southern District of New York, (2) waives any objection which the Company may have now or hereafter to the venue of any such suit, action or proceeding, and (3) irrevocably consents to the jurisdiction of the New York State Supreme Court, County of New York, and the United States District Court for the Southern District of New York in any such suit, action or proceeding. The Company further agrees to accept and acknowledge service of any and all process which may be served in any such suit, action or proceeding in the New York State Supreme Court, County of New York, or in the United States District Court for the Southern District of New York and agrees that service of process upon the Company mailed by certified mail to the Company's address shall be deemed in every respect effective service of process upon the Company, in any such suit, action or proceeding. THE PARTIES HERETO AGREE TO WAIVE THEIR

RESPECTIVE RIGHTS TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS AGREEMENT OR ANY DOCUMENT OR AGREEMENT CONTEMPLATED HEREBY.

## AS AND FOR A FIRST CAUSE OF ACTION

(Failure to Pay Promissory Note)

21. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 20 above and incorporates them here by reference as if fully set forth.

22. Defendant has failed to pay the Principal Amount and accrued interest thereon in accordance with the terms of the Note.

23. Defendant has failed to pay Plaintiff despite Mr. Jaeckle's due demands.

24. Defendant's default is continuing.

25. As a result of Defendant's non-payment, Plaintiff is entitled to recover the sum of $628,846.12 through April 28, 2014, plus continuing per diem interest at the daily rate of $131.94 and all costs of enforcement and collection of the Note, including but not limited to attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION

(For Breach of Contract)

26. Plaintiff repeats and realleges the allegations of paragraphs 1 though 25 above, and incorporates them here by reference as if fully set forth.

27. Defendant has breached the Agreement by failing to pay Mr. Jaeckle the Principal Amount and all accrued interest.

28. Defendant has failed to pay Plaintiff despite Mr. Jaeckle's due demands.

29. Defendant's breach is continuing.

30. Mr. Jaeckle has performed all contractual obligations required on his part to be performed.

31.     As a result of Defendant's breach, Plaintiff is entitled to recover the sum of $628,846.12 through April 28, 2014, plus continuing per diem interest at the daily rate of $131.94 and all costs of enforcement and collection of the Note, including but not limited to attorney's fees.

**WHEREFORE**, Plaintiff demands judgment as follows:

A.      On the first cause of action, in an amount to be determined at trial but expected to be not less than $700,000.00.

B.      On the second cause of action, in an amount to be determined at trial but expected to be not less than $700,000.00.

C.      Statutory interest from July 31, 2011, together with interest, costs and expenses incurred in this action.

Dated:  Melville, New York
        April 29, 2014

_____
ROBERT M. BURSKY, ESQ. (RB 8920)
*Attorney for Plaintiff*
68 South Service Road- Suite 100
Melville, New York 11747
Tel: 516-641-9904
Fax: 516-612-0084
Email: rbursky@rmblegal.com