Janine G. Bauer, Esq. (JB1849)
Szaferman, Lakind, Blumstein & Blader, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
Telephone: (609) 275-0400, Fax: (609) 275-4511
jbauer@szaferman.com
*Attorney for Defendant/Third Party Plaintiff, Radiant Oil & Gas, Inc.*

IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERMO C. JAECKLE,<br><br>    Plaintiff,<br><br>v.<br><br>RADIANT OIL & GAS, INC.,<br><br>    Defendant/Third Party Plaintiff,<br><br>v.<br><br>JOHN THOMAS FINANCIAL, INC., a corporation of the State of New York, 2008 ANASTASIOS BELESIS IRREVOCABLE TRUST, ANASTASIOS "TOMMY" BELESIS JOHN THOMAS BRIDGE AND OPPORTUNITY FUND LP, JOHN THOMAS BRIDGE AND OPPORTUNITY FUND LP II, PATRIOT BRIDGE AND OPPORTUNITY FUND LP, PATRIOT BRIDGE AND OPPORTUNITY FUND LP II, GEORGE R. JARKESY, JR., JOHN THOMAS CAPITAL MANAGEMENT GROUP, LLC, PATRIOT 28, LLC, JOHN DOES 1-10, AND ABC CORPORATIONS 1-10,<br><br>    Third Party Defendants. | Case No. 14-cv-3416-LGS<br><br>**AMENDED ANSWER AND THIRD PARTY COMPLAINT JURY DEMAND** |

Radiant Oil and Gas, Inc. ("ROGI"), a Nevada corporation, with its principle office at

9700 Richmond Avenue, Suite 124, Houston, Texas 77042, by and through its counsel, Janine G.

Bauer, Esq., Szaferman, Lakind, Blumstein & Blader, P.C., Lawrenceville, New Jersey, hereby answer the Complaint of Plaintiff, Fermo C. Jaeckle, as follows:

## ANSWER

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    Admitted.

5.    Admitted that a copy of the Note referred to is attached as Exhibit 1; otherwise Defendant denies the truth of the averment.

6.    Admitted that a copy of an Agreement is attached as Exhibit 2, however it is not signed or executed; otherwise denied.

7.    Denied as stated; John Thomas Financial, Inc. (hereafter "JTFI"), a broker dealer of securities in New York State at that time, had agreed to raise money from Plaintiff and others through a debt offering, however, JTFI did not raise the money for Defendant it agreed to raise.  It was not Defendant whose efforts produced Plaintiff's investment in ROGI.

8.    Neither admitted nor denied; the Note speaks for itself.

9.    Neither admitted nor denied; the Note speaks for itself.

10.   Admitted that no payment of principal or interest has been made; denied that any principal or interest is owed by Defendant to Plaintiff in the absence of performance by JTFI.

1384649.1

11.     Admitted that no payment of principal or interest has been made; denied that any principal or interest is owed by Defendant to Plaintiff in the absence of performance by JTFI.

12.     Denied.

13.     Neither admitted nor denied; the Note speaks for itself.

14.     Admitted that a copy of a notice is attached as Exhibit 3; otherwise Defendant denies the truth of the averment.

15.     Admitted that no payment of principal or interest has been made; denied that any principal or interest is owed by Defendant to Plaintiff in the absence of performance by JTFI.

16.     Admitted that written notice was sent and is attached as Exhibit 4; denied that Defendant owes Plaintiff its investment back.

17.     Denied.

18.     Neither admitted nor denied; the Note speaks for itself.

19.      Neither admitted nor denied; the Note speaks for itself.

20.     Neither admitted nor denied; the Notes speaks for itself.

**AS TO FIRST CAUSE OF ACTION**
**(Failure to Pay Promissory Note)**

21.     Defendant responds to this Paragraph in the same manner as if Defendant's prior responses were set forth fully herein.

22.     Admitted that no payment of principal or interest has been made; denied that any principal or interest is owed by Defendant to Plaintiff in the absence of performance by JTFI.

1384649.1

23.     Admitted that no payment of principal or interest has been made; denied that any principal or interest is owed by Defendant to Plaintiff in the absence of performance by JTFI.

24.     Denied.

25.     Denied.

## AS TO SECOND CAUSE OF ACTION
### (For Breach of Contract)

26.     Defendant responds to this Paragraph in the same manner as if Defendant's prior responses were set forth fully herein.

27.     Denied; this calls for a legal conclusion.

28.     Admitted that no payment of principal or interest has been made; denied that any principal or interest is owed by Defendant to Plaintiff in the absence of performance by JTFI.

29.     Denied.

30.     Denied.

31.     Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

## ARBITRATION

The Agreement between John Thomas Financial, Inc. and Defendant ROGI requires arbitration of all disputes including over repayment of the bridge monies which were actually an investment in ROGI by Plaintiff.

## COMPLAINT FAILS TO STATE CLAIM

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

1384649.1

4

## NO BREACH OF ANY CONTRACT OR NOTE

Defendant breached no duty owed to Plaintiff under any agreement, nor did Defendant breach any material term of any agreement or Note with Plaintiff, because the bridge financing (hereafter "Bridge Financing") Plaintiff seeks repayment of was actually an investment in ROGI, and in any event was conditioned on the money to be raised by John Thomas Financial, Inc. as part of its investment banking and capital raising obligations to Defendant ROGI. John Thomas Financial, Inc. did not raise the money for Defendant which it agreed to raise, and in fact committed fraud in procuring bridge financing from its own client, Fermo C. Jaeckle, for an obligation it never intended to carry out, even though it obtained for itself 6,000,000 shares of ROGI stock as consideration and charged excessive fees on the money it did raise, for its obligations which it never intended to carry out.

## NO CAUSATION

Plaintiff's alleged harm and damages, if any, were not caused by any act, omission or breach by Defendant, nor by any breach of any agreement or Note, or of Defendant's duty toward Plaintiff, but rather by the failure of John Thomas Financial, Inc. to raise the money it contracted to raise for Defendant, from which the Bridge Financing, which was part of that fund raising obligation, could be repaid.

## STATUTE OF LIMITATION

Plaintiff's claims are barred by the applicable statutes of limitation.

## CONDITIONAL REPAYMENT

Repayment of the Plaintiff's Bridge Financing was conditioned, conditional, and contingent upon JTFI's raising the funds it was obligated to do under the August 2, 2010 Agreement, as amended.

1384649.1

## LACHES

Plaintiff's claims are barred, voided, avoided, defeated by the doctrine of laches.

## RELEASE, WAIVER, ESTOPPEL

Plaintiff's claims are barred or diminished by the doctrines of release, waiver, and estoppel, and other equitable defenses.

## INVESTMENT; ASSUMPTION OF RISK

Plaintiff made an equity investment in ROGI, styled as bridge financing; investments are subject to risk, and loss of equity.

As a sophisticated investor, Plaintiff is aware of and assumed the risk that his investment styled as Bridge Financing would not be returned, or repaid, especially if John Thomas Financial, Inc. did not raise the funds it obligated itself to raise, regardless of the Note.

## FAILURE TO MITIGATE DAMAGES

Plaintiff failed to take reasonable steps to mitigate his damages, if any, and, as a result of acts, omissions, breach, fraud and failures by John Thomas Financial, Inc., Plaintiff's claims against Defendant must be reduced, excused, and/or discharged, and Plaintiff should not be awarded statutory interest, interest, attorney's fees, costs and expenses of suit, even if Plaintiff prevails in obtaining a judgment.

## DAMAGES, IF ANY, CAUSED BY THIRD PARTY

In the event that Plaintiff prevails, the cause of his damages was beyond the control or responsibility of Defendant and/or is solely the responsibility of John Thomas Financial, Inc. fund, to pay or repay, over whom Defendant had and has no responsibility, supervision, or control.

1384649.1

## NO CONSIDERATION

The Plaintiff's breach of contract and Note default claims fail for lack of consideration.

## UNJUST ENRICHMENT

The alleged damages Plaintiff seeks, if awarded, would result in unjust enrichment to Plaintiff at Defendant's expense, in light of the context in which John Thomas Financial, Inc. procured Plaintiff's investment in ROGI.

## STATUTORY AND COMMON LAW CONTRIBUTION

Any amount Defendant is found to be liable to pay to Plaintiff is the primary obligation of John Thomas Financial, Inc., because the money it was to raise included the Bridge Financing Plaintiff now seeks repayment of, and for which Defendant provided JTFI shares of Defendant's stock.

## STATUTORY, CONTRACTUAL AND COMMON LAW INDEMNIFICATION

Any amount Defendant is found to be liable to pay to Plaintiff is the primary obligation of John Thomas Financial, Inc., because it acted as Plaintiff's agent and investment advisor and it had a fiduciary duty to Plaintiff, which it breached; the money JTFI was to raise included the Bridge Financing Plaintiff now seeks repayment of, and for which Defendant provided shares of Defendant's stock to John Thomas Financial, Inc.

## FRAUD AND INDUCED FRAUD

John Thomas Financial, Inc. committed fraud, and fraudulently induced Defendant to enter into the Note with Plaintiff and accept the bridge financing Plaintiff seeks repayment of, which were actually an investment, in order to obtain stock in Defendant, without any intention of raising the money which John Thomas Financial, Inc. promised Defendant it would raise, nor provide the investment banking services it agreed to provide, for the benefit of Defendant.

7

Defendant would not have undertaken the Bridge Financing had JTFI not induced Defendant to do so by making material misrepresentations of fact, which Defendant relied upon, and which caused Defendant harm.  Defendant was thus defrauded and left unable to repay the Bridge Financing to Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendants pray that this Court:

A.  Dismiss Plaintiff's Complaint with prejudice;

B.  Award Defendant judgment on the Third Party Complaint;

C.  Award damages on the Third Party Complaint adequate to compensate Defendant for its harm and damages, and to repay Plaintiff;

D.  Award Defendant judgment in its favor on the issue of Plaintiff's attorneys' fees, and litigation expenses, and costs of suit; and

E.  Award Defendants such other and further relief as this Court deems just and proper, including Defendant's costs of suit, attorneys' fees, and interest on Defendant's Fraud Count against John Thomas Financial, Inc.

**DESIGNATION OF TRIAL ATTORNEY**

Janine G. Bauer, Esq. is hereby designated as trial counsel for the Defendants.

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury on all claims and issues so triable.

**SEE PAGE 9 FOR CONTINUATION**

**AMENDED THIRD PARTY COMPLAINT**
**AGAINST JOHN THOMAS FINANCIAL, INC., 2008 ANASTASIOS BELESIS**
**IRREVOCABLE TRUST, ANASTASIOS "TOMMY" BELESIS, JOHN THOMAS**
**BRIDGE AND OPPORTUNITY FUND LP,  JOHN THOMAS BRIDGE AND**
**OPPORTUNITY FUND LP II, PATRIOT BRIDGE AND OPPORTUNITY FUND LP,**
**PATRIOT BRIDGE AND OPPORTUNITY FUND LP II, GEORGE R. JARKESY, JR.,**
**JOHN THOMAS CAPITAL MANAGEMENT GROUP, LLC, PATRIOT 28, LLC,  JOHN**
**DOES 1-10, and ABC CORPORATIONS 1-10**

Defendant, Radiant Oil and Gas, Inc., a Nevada corporation with its principal place of

business in Houston, Texas, by and through counsel, Szaferman, Lakind, Blumstein & Blader,

P.C., Janine G. Bauer, Esquire, appearing, hereby states and avers by way of Amended Third

Party Complaint against John Thomas Financial, Inc., a corporation of the State of New York,

with its principal place of business at 14 Wall Street, 23rd Floor, New York, New York 10005;

2008 Anastasios Belesis Irrevocable Trust, with an address of and its principal place of business

at 60 Beach Street, Apt. 1A, New York, New York 10013; Anastasios "Tommy" Belesis, a

citizen and resident of the State of New York;  John Thomas Bridge and Opportunity Fund LP, a

corporation of the State of Delaware;  John Thomas Bridge and Opportunity Fund LP II, a

corporation of the State of Delaware; Patriot Bridge and Opportunity Fund LP, a corporation of

the State of Delaware; Patriot Bridge and Opportunity Fund LP II, a corporation of the State of

Delaware; John Thomas Capital Management Group, LLC, Patriot 28, LLC, a corporation of the

State of Delaware, the principal place of business of the aforementioned Funds and Patriot 28,

LLC at 18205 Burkhardt Road, Houston, Texas; and George R. Jarkesy, Jr., a resident and

citizen of the State of Texas, with an address in Tomball, Texas, as follows:

**FACTS**

1.      On or about August 2, 2010, Defendant Radiant Oil & Gas, Inc. (hereafter

"ROGI") and Third Party defendant John Thomas Financial, Inc. (hereafter "JTFI") entered into

9

an Investment Banking Agreement, which was amended on or about August 27, 2010 (hereafter "Agreement").

2.      In the Agreement JTFI promised to perform investment banking services for ROGI, to raise at least $2,000,000.00 by November 1, 2010, and to raise a maximum of $14,500,000.00 (including the $600,000.00 raised as bridge financing) pursuant to a private offering of Defendant's securities by, at the latest, March 31, 2011.

3.      As part of the promise by JTFI to raise $2,000,000.00 for ROGI by November 1, 2010, and up to $14,500,000.00 by March 31, 2011, JTFI induced one of its own clients and investors, Plaintiff Fermo Jaeckle, to bridge a financing gap at ROGI in the amount of $475,000.00 (hereafter "Bridge Financing").

4.      Simultaneously with the execution of the Agreement with JTFI, ROGI issued to JTFI, as set forth in the Agreement, 6,000,000 shares of ROGI's common stock.

5.      Repayment of the Bridge Financing was contingent on the $2,000,000.00 being raised by JTFI by November 1, 2010, and/or the additional monies to be raised by JTFI by March 31, 2011, at the latest.

6.      JTFI did not raise the money it agreed to raise for Defendant.

7.      Instead, JTFI raised some money, the majority of which went to JTFI fees.

8.      JTFI induced Plaintiff to provide Bridge Financing and induced ROGI to accept the Bridge Financing on the promise and statement in the Agreement that JTFI would raise at least $2,000,000 by November 2, 2010, and a maximum of $14,500,000 before March 31, 2011.

9.      JTFI defrauded ROGI when it induced ROGI to sign the Note with Plaintiff for Bridge Financing, by obtaining for itself the 6,000,000 shares of Defendant's common stock,

with no intention of performing investment banking services, or raising funds for the benefit of Defendant ROGI, as required by the Agreement.

10.     ROGI was unable to undertake projects and complete other projects, and ROGI lost value and income, as a direct result of JTFI's failure to raise the monies as promised, and its breach of contract, fraud and misrepresentations.

11.     ROGI did not repay the Bridge Financing when JTFI did not raise the money it was required to raise by the Agreement because ROGI was unable to do so.

12.     Pursuant to a reverse 2 for 1 stock split, the 6,000,000 shares of ROGI stock issued to JTFI became 3,000,000 shares of ROGI stock.

13.     When JTFI failed to perform, it returned 2,000,000 shares of ROGI stock; however, JTFI and/or its principals still have 1,000,000 shares of ROGI stock.

14.     ROGI owns the one million shares of ROGI stock held by JTFI and/or its purported successor.

15.     The disputed stock is described by Certificate No. 11499, representing one million restricted shares of stock, currently being held by American Registrar Transfer Co., 342 East 900 South, Salt Lake City, Utah 84111.

16.     JTFI, and now, its purported successor, the 2008 Anastasios Belesis Irrevocable Trust, is required at law and equity to return its ROGI stock without fee or charge.

17.     Plaintiff is a sophisticated investor in privately held securities.

18.     Plaintiff was a client investor of JTFI at the time that JTFI procured Bridge Financing from Plaintiff as part of the initial $2,000,000.00 JTFI was to raise under the Agreement with Defendant ROGI.

1384649.1

19.     The Bridge Financing was an investment in ROGI by Plaintiff, a sophisticated investor, and was not a true loan, despite the Note.

20.     Plaintiff's Bridge Financing was an investment made in ROGI subject to all of the potential risks and rewards that any sophisticated investor understands and accepts in the securities marketplace.

21.     JTFI was Plaintiff's agent and investment advisor and owes a statutory and common law duty as a fiduciary to Plaintiff.

22.     JTFI was Plaintiff's agent and investment advisor (or JTFI acted in concert with Plaintiff's investment advisor) and in that capacity it owes a statutory and common law duty as a fiduciary to ROGI, requiring it to return the ROGI stock and to indemnify ROGI for the Bridge Financing Plaintiff seeks.

23.     JTFI and/or its successor is obligated to repay Plaintiff, not Defendant ROGI.

24.     Anastasios "Tommy" Belesis ("Belesis") was the CEO of JTFI during the relevant time.

25.     Belesis was responsible for defrauding ROGI.

26.     Belesis committed other fraudulent and illegal acts including but not limited to securities law violations which led to the closure of JTFI.

27.     Upon information and belief, JTFI induced Plaintiff Jaeckle to provide ROGI with Bridge Financing transaction as part of a larger fraudulent scheme ("Larger Fraudulent Scheme") between 2007 and 2014, master-minded by Defendant Belesis and George Jarkesy, Jr. ("Jarkesy") and other persons.

28.     In this Larger Fraudulent Scheme, certain "bridge and opportunity funds" were created to attract investors in start-up companies and established small-capitalization companies, such as ROGI, that were seeking equity investors.

29.     One of the "bridge and opportunity funds" was John Thomas Bridge and Opportunity Fund LP ("Fund I").

30.     A second such fund was John Thomas Bridge and Opportunity Fund LP II ("Fund II").

31.     Fund I is now known as Patriot Bridge and Opportunity Fund LP ("Patriot Fund I"), and upon information and belief, it is still doing business.

32.     Fund II is now known as Patriot Bridge and Opportunity LP II ("Patriot Fund II") and, upon information and belief, it is still doing business.

33.     Additional "bridge and opportunity fund" limited partnership and/or corporate entities exist that acted in concert with  Patriot Fund  I and Patriot Fund II, Belesis, Jarkesy, JTFI and others during the time JTFI, Belesis and Jarkesy made fraudulent representations to ROGI and breached its and their contracts and duties by doing no investment banking work, or any other work, despite promises to raise $2 million, or more, and to do other acts, for ROGI.

34.     The additional "bridge and opportunity funds" described in Paragraph 30 are part of the fictiously named firms ABC Corporations 1 through 10.

35.     ABC Corporations 1-10 are also business entities that participated in defrauding ROGI with Fund I, Fund II, Patriot Fund I, Patriot Fund II, and/or with JTFI.

36.     As part of the Larger Fraudulent Scheme, a separate entity, John Thomas Capital Management Group, LLC ("JTCM"), believed to be an unregistered investment "advisor"

operating from Houston, Texas, advised Fund I, Fund II, Patriot Fund I, Patriot Fund II, and ABC Corporations 1-10 (all of the funds hereafter are collectively referred to as, "the Funds").

37.     Upon information and belief, JTCM is now known as, or doing business as, Patriot 28, LLC.

38.     JTCM was the investment advisor to the Funds.

39.     JTCM purported to be independent of JTFI, even while sharing the same brand name.

40.     Jarkesy was at all relevant times the manager, CEO and/or an officer of JCTM, and Patriot 28, LLC.

41.     JTCM and Patriot 28, LLC elevated the interests of Belesis and JTFI over the interests of the Funds by abandoning JTCM/Patriot 28, LLC's duty it/they owed to the Funds, by diverting excessive and unreasonable fees to JTFI and Belesis, using proceeds received from the Funds.

42.     The Funds provided few or no services, nor did they do work, to earn such excessive fees.

43.     The Funds enriched Belesis and Jarkesy personally, at the expense of the Funds and investors in the Funds, as part of the Larger Fraudulent Scheme.

44.     Jarkesy is a citizen of, and resides in, Tomball, Texas.

45.     Belesis is a citizen of, and resides in, New York City in the State of New York.

46.     Upon information and belief, all of the Funds are corporations and citizens of the State of Delaware and they are in good standing.  They have a principal place of business in Houston, Texas.

47.     Jarkesy created JTCM as an unregistered investment advisor in 2007 to serve as the advisor to Fund I.

48.     In 2009, Jarkesy formed Fund II.

49.     JTFI served as the investment bank for some of the companies that received bridge loans from the Funds or from individual investors, and acted as the broker for many of the Funds' equity trades.

50.     Before it closed down, JTFI received many millions of dollars in excessive and unreasonable fees related to the Funds and individual investors, including persons induced to provide Bridge Financing, including Fermo Jaeckle, and other investors in ROGI.

51.     Belesis personally intervened in the Funds' business decisions in order to enrich himself and JTFI, conduct to which Jarkesy, as an allegedly independent investment advisor, capitulated for his own gain, as part of the Larger Fraudulent Scheme.

52.     As part of the Larger Fraudulent Scheme, the Funds, and Jarkesy's and their individually identified investors, such as Plaintiff Jaeckle, and other investors in ROGI, were induced to provide "bridge financing" or other investments to small-to mid-capitalization companies, such as and including ROGI, and the Bridge Financing provided by Jaeckle.

53.     In exchange for the Bridge Financing, the Funds received interest, and an equity "kicker" of stock, options or warrants in the company that accepted the "bridge financing," as part of the Larger Fraudulent Scheme, while doing no investment banking work to raise money for the companies, such as and including ROGI.

54.     JTFI, Jarkesy, Patriot 28, LLC and Belesis also introduced individual investors such as Plaintiff Jaeckle, and others who invested in ROGI, to small-to mid-cap companies for the purpose of making "bridge financing" available and other investments.

1384649.1

55.     These individual investors and other persons who facilitated the Larger Fraudulent Scheme, wittingly or unwittingly, are John Does 1-10, being fictitious names of real persons whose identity is as yet unknown.

56.     JTFI and Belesis earned an excessive and unreasonable fee for each instance of "bridge financing," regardless of whether JTFI or Belesis, or Jarkesy or Patriot 28, LLC, did any work to earn the fee(s).

57.     Regardless of the imposition of excessive fees, risk of non-payment, or other fraudulent or unlawful acts, Jarkesy and JTCM/Patriot 28, LLC did not advise John Does 1-10, ABC Corporations 1-10, or other investors and/or the Funds that they should negotiate a lower fee, or pay no fee, where no work was performed by JTFI or its successors, or Patriot 28, LLC.

58.     Jarkesy and JTCM abandoned their fiduciary duties to the individuals and investors and to the Funds who, essentially, were being ripped off themselves, even while they were also being used as part of the Larger Fraudulent Scheme, and to effectuate same.

59.     Belesis and JTFI were not only willing participants in,  but masterminded the entire Larger Fraudulent Scheme, together with Jarkesy, using the Funds, JTCM and Patriot 28, LLC, as well as John Does 1-10 and ABC Corporations 1-10, to engage in fraudulent, manipulative and deceptive acts that harmed ROGI, its other stockholders, and its creditors, as well as others.

60.     The Bridge Financing to ROGI from Jaeckle was arranged as part of the Larger Fraudulent Scheme, in which JTFI performed no investment banking work whatsoever; in fact, Jarkesy and Belesis never intended to do any such work.

61.     Due to securities law violations, JTFI closed.

1384649.1

62.     ROGI had expended the amount of Plaintiff's Bridge Financing on capital projects, etc., leaving Plaintiff Jaeckle with no prospect of re-payment by ROGI,  because JTFI had not raised the funds it agreed to raise, from which ROGI would repay Jaeckle.

63.     On December 28, 2013, ROGI entered into another agreement (hereafter the "Patriot Agreement") with Patriot Bridge and Opportunity Fund, LP (formerly Fund I) and Patriot Bridge and Opportunity Fund II, LP, Patriot 28, LLC, the manager of the Funds (formerly JTCM) and with Jarkesy, the managing member of Patriot 28, LLC.

64.     The Patriot Agreement restructured an outstanding $150,000.00 due to the Funds in the form of a Promissory Note.

65.     The Note matured the earlier of December 1, 2014 or an equity infusion of not less than $10,000,000.00.

66.     As part of the Larger Fraudulent Scheme, Jarkesy demanded a seat on the board of directors of ROGI, all in a pre-planned attempt to obtain even more money from ROGI, without doing any actual work to earn the money.

67.     Jarkesy required ROGI to organize and make presentations to potential investors in ROGI, whose investments were instead directed into the Funds, or other entities, not ROGI.

68.     The investors whose investment monies were diverted into the Funds were even told by Jarkesy that they had invested in ROGI.

69.     Subsequently, these investors inquired of ROGI "how their investments were doing," and made similar inquiries.  These investors are also included in the group of Defendants identified as John Does 1-10.

## AS AND FOR A FIRST CAUSE OF ACTION
### (For Violation of Federal Securities Laws)

70.     Defendant ROGI repeats, incorporates and realleges all of the previous statements and allegations by reference as if fully set forth herein.

71.     Belesis, Jarkesy, JTFI, JTCM, the Funds, Patriot 28, LLC and John Does 1-10 and ABC Corporations 1-10 willfully violated §10(b) of the Exchange Act and Rule 10b-5 thereunder, which prohibit fraudulent conduct in connection with the purchase, offer or sale of securities.

72.     Specifically, Belesis, Jarkesy, JTCM, the Funds, Patriot 28, LLC, ABC Corporations 1-10 made false statements of material fact, with scienter, upon which ROGI relied, and which proximately caused ROGI harm and damages.

73.     Jarkesy, JTCM and Patriot 28, LLC also willfully violated §206(1), 206(2) and 206(4) of the Advisors Act, which prohibit fraudulent conduct by an investment advisor, and Rule 206(4-8) thereunder, by the acts and omissions recited heretofore in this Third Party Complaint.

74.     The Funds, JTCM, and JTFI, as well as ABC Corporations 1-10 and John Does 1-10, also aided and abetted Jarkesy, Belesis and the Third Party Defendants themselves in carrying out the acts that comprise the Larger Fraudulent Scheme, which constitute a violation of both the Advisors Act and the Exchange Act, as well as Rule 106-5.

75.     Defendant has been directly and proximately caused harm and damages by virtue of the Third Party Defendants' violations of the above-referenced securities laws and regulations, detailed in the prior paragraphs of this Third Party Complaint.

### AS AND FOR A SECOND CAUSE OF ACTION
#### (For Fraud and Fraud in the Inducement)

76.     Defendant ROGI repeats, incorporates and realleges all of the previous statements and allegations by reference as if fully set forth herein.

18

77.     JTFI, Belesis, Jarkesy, the Funds, Patriot 28, LLC, JTCM, John Does 1-10 and ABC Corporations 1-10 all made a material misrepresentation of one or more facts in an agreement with ROGI on the date signed and when amended, if amended, including but not limited to JTFI's statement and agreement that it would raise a minimum of $2,000,000.00, including but not limited to the amendment for Bridge Financing for Defendant, which was to be used to repay Plaintiff, without any intention of raising such funds, and with knowledge that JTFI would pay itself excessive fees from any monies it did raise.

78.     JTFI and all Third Party Defendants made material misrepresentations of facts when it entered into the Agreement to raise a minimum of $2,000,000.00 including the Bridge Financing and to close by November 1, 2010, and after further extensions, that it would raise a maximum of $14,500,000.00 by no later than March 31, 2010, without any intention of raising such funds, and with knowledge that JTFI would pay itself excessive fees from any monies it did raise.

79.     JTFI, Belesis and Jarkesy and all Third Party Defendants knew of the falsity of the material fact representations they made, at the time that the material facts were stated.

80.     JTFI, Belesis, Ari Mirman, JTFI's head of investment banking, Jarkesy, Patriot 28, LLC and the Funds specifically intended to induce reliance by Defendant ROGI and its potential investors, on the material fact misrepresentations, such that ROGI agreed to accept the Bridge Financing, to enter into the Note with Plaintiff, to issue stock to JTFI and Jarkesy, to place Jarkesy on the board, and to do other acts, which ROGI would otherwise not have undertaken, because ROGI believed it would be able to repay the Bridge Financing and meet other obligations with the monies to be raised by JTFI, within the time for repayment according to the Note, or other obligations.

81.     ROGI was unaware of the Larger Fraudulent Scheme to enrich Jarkesy, Belesis, JTFI, Patriot 28, LLC, JTCM and other Third Party Defendants at the time ROGI accepted the Bridge Financing, issued stock to JTFI, put Jarkesy on the board, and performed other acts.

82.     Defendant ROGI's reliance on the material misstatements of fact was justified by JTFI's and its principals factual misrepresentations and assurances, and in particular, the fact that it and they required Defendant ROGI to issue to JTFI 6,000,000 shares of Defendant ROGI's common stock, and put Jarkesy on the ROGI board of directors.

83.     Having relied on the several misrepresentations of material fact by Belesis, JTFI and its principals, Jarkesy, JTCM, Patriot 28, LLC, and the other Third Party Defendants, and having issued 6,000,000 shares of its common stock to JTFI in reliance thereon, and having undertaken and accepted the Bridge Financing which it could not otherwise repay and would not have undertaken, because it was assured it would have the monies that JTFI was to have raised, none of which occurred, ROGI has suffered harm, and damages.

84.     ROGI had to inform potential investors that they had not invested in ROGI, that they and ROGI had all been deceived by Jarkesy and Belesis, Patriot and the Funds, that the money that should have been raised for ROGI was not raised, and that ROGI stock had been issued to Jarkesy–controlled and Belesis–controlled entities, including but not limited to the Funds, Patriot 28, LLC, JTCM, JTFI and now, its assignee or successor, as part of the Larger Fraudulent Scheme.

85.     As Jarkesy's, Third Party Defendants,' Belesis's and John Thomas Financial, Inc.'s scheme began to be revealed, and its effects caused harm to ROGI, ROGI sought removal of Jarkesy from ROGI's board of directors to stem the threat of even further harm.

86.     Jarkesy then demanded the payment of money from ROGI to "settle" the impending disputes in order for Jarkesy to resign from the board of directors.

87.     Jarkesy also induced ROGI to sign a release and indemnification in an effort to protect himself and Third Party Defendants from suit by ROGI or any of the investors he, it, and they had deceived along the way, as part of effectuating the Larger Fraudulent Scheme.

## AS AND FOR A THIRD CAUSE OF ACTION
### (For Breach of Contract and Unjust Enrichment)

88.     Defendant ROGI repeats, incorporates and realleges all of the previous statements and allegations by reference as if fully set forth herein.

89.     The Third Party Defendants including JTFI did not perform their duties and obligations under the agreements they entered into with ROGI.

90.     JTFI did not perform its duties and obligations under an additional Agreement it signed on November 14, 2012 (hereafter "Second Agreement").

91.     JTFI has breached its Agreement and Second Agreement with ROGI.

92.     JTFI's breaches of the Agreement and Second Agreement have caused ROGI harm, and direct and consequential damages, including monetary damages, and not limited to this lawsuit by Plaintiff.

93.     JTFI's breaches and all breached of contract by the Third Party Defendants are continuing.

94.     ROGI performed all of its obligations in the Agreement and Second Agreement with JTFI, and performed all of its obligations under all other agreements with Third Party Defendants.

1384649.1

95.     As a result of JTFI's breaches, ROGI is entitled to recover at a minimum, the sum of $630,000.00 (or whatever the sum is including interest should Judgment be granted to Plaintiff), that ROGI may be held responsible to pay to Plaintiff, which as of April 28, 2014, stood at $628,846.12 according to Plaintiff's Complaint.

96.     As a result of the direct harm caused to ROGI by the breaches of contract by Third Party Defendants, ROGI is entitled to recover the benefit of its bargains, direct damages, and consequential damages to the extent permitted by law, in light of the fraudulent and tortious conduct committed by Third Party Defendants.

97.     ROGI and its principals, officers and other investors and stockholders have already been harmed, and will be harmed by having their stock value diluted, and by other consequences of the removal of the legend and sale of the one million shares of ROGI stock.


### AS AND FOR A FOURTH CAUSE OF ACTION
**(To Impose Constructive Trust on the One Million Shares of ROGI Stock, and To Restrain Removal of the Restrictive Legend From the Stock)**

98.     Defendant ROGI repeats, incorporates and realleges all of the previous statements and allegations by reference as if fully set forth herein.

99.     ROGI owns the one million shares of stock in dispute in this matter.

100.    A trust relationship existed between ROGI and JTFI when JTFI, Belesis and other Third Party Defendants induced ROGI to enter into the August 2, 2010, August 27, 2010 and November 14, 2012 Agreements respecting the one million shares of ROGI stock at issue in this Third Party Complaint.

101.    The trust relationship was breached by JTFI, Belesis and other Third Party Defendants.

102.    Third Party Defendants stand to gain and benefit unjustly from the retention of the one million shares of ROGI stock, and from the removal of the restrictive legend, if they accomplish same, and the eventual sale of such stock.

103.    Third Party Defendants will be and were unjustly enriched at ROGI's expense by virtue of Third Party Defendants deceiving and defrauding ROGI throughout their participation in the Larger Fraudulent Scheme.

104.    The Third Party Defendants' unjust enrichment, particularly but not limited to the one million shares of ROGI stock, warrant the imposition of a constructive trust on the one million shares of ROGI stock.

105.    ROGI and its principals, officers and other investors and stockholders have already been and will continue to be harmed by having their stock value diluted, by downward pressure due to sales, and by other consequences of the sale and part sale of the one million shares.

106.    Third Party Defendants have profited unjustly from the Larger Fraudulent Scheme.

107.    A constructive trust is an equitable remedy to aid the person or entity defrauded and deceived where the *res* of a dispute, including stock or other property, has been acquired in such circumstances that the person or entity claiming title, here the 2008 Anastasios Belesis Irrevocable Trust, should not be able to retain such title or beneficial interest.

108.    New York, Utah and Texas jurisprudence permit stock to be impressed with a trust.

109.    JTFI and Belesis were warned by letter dated July 1, 2014 by Defendant's counsel that Defendant ROGI would seek the imposition of a constructive trust on the disputed one

1384649.1

million shares of ROGI stock, when the 2008 Anastasios Belesis Irrevocable Trust sought the removal of the restrictive legend.

110.    Upon information and belief, the 2008 Anastasios Belesis Irrevocable Trust is controlled by Belesis or by individuals controlled by Belesis, or employed by or agents of Belesis, and/or with Jarkesy.

111.    The 2008 Anastasios Belesis Irrevocable Trust, which has been represented to be the successor in interest to John Thomas Financial, Inc., and Anastasios Belesis are not innocent donees of the one million shares of ROGI stock at issue, and have unclean hands because they benefitted from, aided and abetted and/or participated in the Larger Fraudulent Scheme in order to obtain the stock at issue.

WHEREFORE, Defendant Radiant Oil & Gas, Inc. (ROGI), hereby demands judgment against John Thomas Financial, Inc., 2008 Anastasios Belesis Irrevocable Trust, Anastasios "Tommy" Belesis, John Thomas Bridge and Opportunity Fund LP, John Thomas Bridge and Opportunity Fund LP II, Patriot Bridge and Opportunity Fund LP, Patriot Bridge and Opportunity Fund LP II, George R. Jarkesy, Jr., and John Thomas Capital Management Group, LLC, Patriot 28, LLC, and prays for the following relief from the Court:

A.  Dismiss Plaintiff's Complaint with prejudice;

B.  Award Defendant judgment on the Third Party Complaint;

C.  Award damages on the Third Party Complaint adequate to compensate Defendant for all of its injuries and damages, including lost value and income, and to repay Plaintiff the full amount sought in the Complaint plus interest, fees, and costs of suit, as well as requiring Third Party Defendants to disgorge their unjust profits, fees and other

1384649.1

forms of enrichment, including but not limited to the one million shares of ROGI stock or its equivalent value;

D. Impose a constructive trust on the disputed one million shares of ROGI restricted stock, represented by Certificate No. 11499 being held by American Registrar Transfer Co., Salt Lake City, Utah, a beneficial interest which is alleged to be held by 2008 Anastasios Belesis Irrevocable Trust, and requiring its return to ROGI, with damages;

E. Enjoin the removal of the restrictive legend from the one million shares of ROGI stock until after Final Judgment is entered in this matter, including a Rule 54(b) Certification;

F. Require JTFI, Belesis, and/or the Trust and/or its principals to return all of ROGI's stock without fee or charge;

G. Award Defendant attorneys' fees, and litigation expenses, including expert witness fees, interest, and costs of suit; and

H. Award Defendants such other and further relief as this Court deems just and proper, including punitive damages against Third Party Defendants.


## DESIGNATION OF TRIAL ATTORNEY

Janine G. Bauer, Esq. is hereby designated as trial counsel for the Defendants.


## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all claims and issues so triable.

1384649.1

**SZAFERMAN, LAKIND**
**BLUMSTEIN & BLADER, P.C.**

Janine G. Bauer (JB1849)
*Attorney for Defendant Radiant Oil & Gas, Inc.*

Date:  October 30, 2014

26